IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RANDY LEE GODFREY                                             PLAINTIFF

v.                          No. 3:11-cv-40-DPM

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration                                DEFENDANT

ORDER

That Randy Godfrey is disabled is no longer in dispute. On a later application for benefits, the Social Security Administration determined that Godfrey became disabled under applicable law on 11 July 2009. *Document No. 10, at 15*. But the question remains whether Godfrey is entitled to benefits for the period between 1 February 2007, his alleged onset date, and 11 July 2009.

The Court reverses the Commissioner's decision about the disputed period and remands for reconsideration. Because the Appeals Council rejected Godfrey's request for reconsideration, the ALJ's decision became the Commissioner's decision. The ALJ's opinion, while measured and thorough, contains a logical inconsistency. And this inconsistency reveals a legal error that undercuts the denial of benefits for the disputed period. *Nettles v. Schweiker*, 714 F.2d 833, 835-36 (8th Cir. 1983) (standard of judicial review); 42

U.S.C. § 405(g) (same). The ALJ found that Godfrey's diabetes, hypertension, contractures of the toes, and obesity all constituted "severe impairments" under the applicable regulations. But then the ALJ relied on the Medical-Vocational Guidelines, without the testimony of a vocational expert, in finding that these nonexertional impairments did not significantly limit Godfrey's ability to perform a full range of sedentary work.

In general, when a claimant suffers from nonexertional impairments that may limit his or her work ability, the ALJ must consider the Guidelines and testimony from a vocational expert. *Reed v. Sullivan*, 988 F.2d 812, 816 (8th Cir. 1993). This general rule comes with an exception. Vocational-expert testimony need not be considered when the record supports the finding that "the nonexertional impairments do not *significantly* diminish the claimant's RFC to perform the full range of activities listed in the guidelines." *Ibid.* (emphasis original). As defined by the regulations and interpreted by the courts, a "severe impairment" is one that "significantly limit[s] a claimant's physical or mental ability to do basic work activities[.]" *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997) (citations omitted); *see also* 20 C.F.R. §§ 404.1520(c) & 416.920.

Here the ALJ made inconsistent findings: Godfrey had several "severe" impairments that significantly limited his ability to work; but Godfrey's nonexertional impairments, the ALJ also concluded, did not significantly diminish his full capacity for sedentary work. Moreover, obesity is one of Godfrey's undisputed conditions. "Obesity is also a nonexertional impairment which might significantly restrict a claimant's ability to perform the full range of sedentary work," thus requiring consideration by a vocational expert. *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997). In the circumstances, the ALJ made an error of law by not hearing from a vocational expert. The ALJ needs that testimony to determine whether Godfrey's severe impairments diminished his capacity to perform sedentary work.

This Court acknowledges the facts weighing against finding Godfrey disabled during the relevant period. One of these is his admission to a consultative examiner: Godfrey said he could have continued working 40 hours a week as a night watchman at the catfish farm, but was told not to "work more than 20 if I'm going to have a chance for disability." Tr. 239. The

ALJ's decision may be the same after the correct analysis; but Godfrey is entitled to a correct analysis on the record as a whole. *Groeper v. Sullivan*, 932 F.2d 1234, 1239 (8th Cir. 1991).

Godfrey asserts, based on a snapshot of rulings in 2010 and 2011, that the ALJ is anti-claimant. Godfrey seeks a remand to another ALJ. The Court declines to take this extraordinary step. Our law presumes "honesty and integrity in adjudicators." *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). Godfrey's statistics do not overcome this presumption. This record shows a careful and fair judge at work. If Godfrey believes the ALJ is not impartial, then he should pursue his administrative remedies. 20 C.F.R. §§ 404.940 & 416.1440.

Reversed and remanded. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

1 March 2012